UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. GRUBBS, | No. 2:20-cv-1149-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1) and an amended complaint (ECF No. 13), he has filed an application to proceed in forma pauperis (ECF No. 2) and a request for judicial notice (ECF No. 5).

### Application to Proceed In Forma Pauperis

Plaintiff's application (and separately filed account balance report at ECF No. 6) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

1    *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
2    in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
3    *McKeithen*, 395 U.S. 411, 421 (1969).

4    II.     Analysis

5    Plaintiff alleges that when he was booked at the Sacramento County Jail, in or around
6    January of 2019, he complained to a nurse about pain in two of his fingers. ECF No. 1 at 3. He
7    allegedly complained for 45 days and was denied appropriate medical attention. *Id.* After about
8    20 days, Dr. Sun prescribed Tylenol for plaintiff and said that was all he could do for plaintiff.
9    ECF No. 13 at 2. About five days later, plaintiff's fingers started turning black. *Id.* Upon his
10   release, he immediately went to a hospital, where he was admitted, diagnosed with a bone
11   infection, and had two of his fingers amputated. *Id.* He does not identify any claim for relief. As
12   discussed below, plaintiff's complaint must be dismissed.

13   First, the complaint fails to set forth a basis for federal jurisdiction. Fed. R. Civ. P 8(a)(1).
14   It does not include a properly pled federal cause of action that would permit federal question
15   jurisdiction. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all
16   civil actions arising under the Constitution, laws, or treaties of the United States). Nor does it
17   establish diversity of the parties to support diversity jurisdiction. *See* 28 U.S.C. § 1332; *Bautista*
18   *v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity
19   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
20   matter in controversy exceeds $75,000.).

21   Second, even liberally construed as an attempt to state a federal constitutional claim
22   alleging a violation of the Eighth Amendment, the claim would fail.[1] The named defendants
23   include the Sacramento County Jail, Sheriff's Department, and Medical Department. A county,
24   however, is only liable under section 1983 if plaintiff shows that his constitutional injury was
25   caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City*

---

[1] There also would be no federal claim allowing for a pendant state law claim of negligence/medical malpractice. Even if there was, any state tort law claim would fail for failure to plead compliance with the California Torts Claims Act.

3

*Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiff has failed to identify the existence of any County policy. If plaintiff wishes to proceed with a claim against Sacramento County, he must identify a specific policy and plead facts demonstrating that the policy is what caused a violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

Third, the court notes that plaintiff filed a request for judicial notice to name several "doe" defendants referred to in the complaint. ECF No. 5. The proper procedure for identifying "doe" defendants is by filing a motion to amend along with a proposed amended complaint that is complete in itself without reference to any prior pleading. If plaintiff has identified specific individuals against whom he wishes to assert claims, he must identify them in an amended complaint. To the extent plaintiff intends to assert that a particular individual was deliberately indifferent to his medical needs in violation of the Eighth Amendment, he must allege facts showing the defendant(s), acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

/////

/////

/////

4

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the agency having custody of plaintiff filed concurrently herewith;

3. Plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////

/////

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: September 29, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE