UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RANDALL GRUBBS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-01149-JDP (PC)<br><br>SCREENING ORDER<br><br>SECOND AMENDED COMPLAINT DUE WITHIN SIXTY DAYS<br><br>ECF No. 13 |

Plaintiff Gary Randall Grubbs alleges that poor medical care during a brief stint in the Sacramento County Jail resulted in the loss of two of his fingers. He proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. The court dismissed his initial complaint with leave to amend for failure to state a claim. ECF No. 14. On August 5, 2020, plaintiff filed an amended complaint. ECF No. 13. Before that amended complaint was screened, he filed a "response" to the order that reassigned this case to me. ECF No. 18. That response contained factual allegations, and I construe it as a second amended complaint that overrides the first amended complaint. The second amended complaint leaves some doubt as to whom plaintiff is suing. He makes repeated references to "defendants," but does not state which persons or entities fall into that category. Additionally, plaintiff's only claim—that defendants were deliberately indifferent to his serious medical needs—is not cognizable. Plaintiff's second amended complaint will be dismissed, but he will be given another opportunity to amend.

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

A.   Background

Plaintiff alleges that, in 2019, he was arrested by the Sacramento County Sheriff for a probation violation. ECF No. 18 at 1. On intake at the Sacramento County Jail, he was examined by a nurse. *Id.* Plaintiff explained to the nurse that two fingers on his right hand were in pain.

1 *Id.* The nurse told him to fill out a medical slip once he was booked into jail. *Id.*

2 Plaintiff submitted a medical slip and was seen after ten days. *Id.* at 1-2. He does not state who saw him or what diagnosis, if any, he received. Plaintiff then submitted a second medical slip; he claims that another ten days passed without him being called to medical. *Id.* at 2. In the meantime, plaintiff alleges that his fingers turned gangrenous. *Id.* He pressed the emergency button in his cell and requested medical attention from the unnamed deputy who responded. *Id.* The deputy told him that he had spoken to medical and had been told that plaintiff needed to submit another medical slip. *Id.* Plaintiff continued to press the button and explain to the deputy that his fingers needed to be examined immediately. *Id.* The deputy told him that it was "not his problem" and that if he kept pressing the button he would be placed on lockdown. *Id.*

12 Thirty days after the second medical slip was submitted, plaintiff was seen by Dr. Sun, a physician at the jail. *Id.* at 3. Sun told him that his fingers would need to be "cut" immediately. *Id.* Plaintiff does not explain whether he understood "cut" to mean amputation or some other incisive procedure. Plaintiff told Sun that he did not think cutting was proper. *Id.*

16 After plaintiff's forty-five day stay in the Sacramento County Jail was over, he went to a hospital where doctors told him that he had a bone infection. *Id.* Both of his fingers were amputated. *Id.*

19      B.    Discussion

20 Plaintiff's allegations, taken as true, could show that his medical care at the Sacramento County Jail was constitutionally inadequate. I cannot direct service, however, until plaintiff identifies the defendants against whom he intends to proceed and explains how each was responsible for his inadequate care.

24 Plaintiff should bear in mind that a prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002). The official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the medical

context, negligence is not enough to state a claim for deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The only person named in the second amended complaint is Dr. Sun. Plaintiff has not identified him as a defendant or explained how, if at all, Sun was responsible for the delay in examining his fingers.

Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within sixty days, I may issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[1] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in

---

[1] Plaintiff will not be permitted to change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Finally, plaintiff is advised that, if he does not know the name of any person whom he would like to proceed against, he may identify that person as a "Doe" defendant (as in John Doe or Jane Doe). Then, if the identities of any "Doe" defendants are learned in the course of discovery, those defendants can be served and added to this action.

Accordingly, it is hereby ordered that:

1. Within sixty days from the service of this order, plaintiff must file a Second Amended Complaint if he wishes to proceed with this case.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 17, 2020                     _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE